**In re Joseph PATTI, Debtor.**

**No. 02–13215.**

United States Bankruptcy Court,
D. Rhode Island.

May 7, 2003.

Sean M. McAteer, Cranston, RI, for Debtor.

John Boyajian, Boyajian, Harrington & Richardson, Providence, RI, trustee.

### ORDER SETTING COMPENSATION

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on March 27, 2003, on objections to the fee application of Thomas Grasso, Esq., the Debtor's former counsel. Mr. Grasso initially sought fees of $4,537 for six months of legal work in this case, but after acknowledging the shortcomings in the application, amended his request to $3,000. The present request still faces objections by the Chapter 13 Trustee and the United States Trustee.

The specific criticisms of the application are numerous, and are not seriously contested by Grasso. In addition, this has been a rather hostile attorney/client relationship, with each accusing the other of making the case the failure that it is.[1] The bottom line is that as of the hearing on the fee application in this Chapter 13 bankruptcy case, filed on August 27, 2002, there was not a confirmed plan, and the Debtor was facing a motion to dismiss his case.

██ As for the application, there are serious disclosure issues as to what Grasso has been paid by the Debtor. Confusingly, the 2016(b) statement says that Grasso agreed to accept "$0.00" for legal services in the case, that prior to filing the statement on August 27, 2002 he received "0.00" and that there was a "Balance Due" of "900.00". We know that as of August 27, 2002, the Debtor had paid Grasso $1,000 and that according to the Retainer Agreement, he agreed to pay a total fee of $2,500. Clearly, this information should have appeared on the initial 2016(b) statement. That it did not, constitutes a serious breach of counsel's obligation to report fully and accurately to the Court as to money received. Equally as important, as Grasso received additional compensation, he had a continuing duty to update the 2016(b) statement, which was never done in this case.[2] See R.I. LBR 2016–2. Alone, these disclosure problems are grounds for denial of all compensation.

A debtor's counsel has an affirmative duty punctiliously to disclose all its connections with the debtor, including fees

---

1. On May 1, 2003, while this fee issue was under advisement, even with new counsel and extra time, the Debtor still had not turned over a new leaf, i.e., the case was dismissed because of payment defaults under the proposed plan, as required by 11 U.S.C. § 1326(a)(1); and the Debtor's failure to com-

ply with R.I. LBR 2015–5, which requires self-employed debtors to file profit and loss statements and quarterly income and expense statements.

2. It is undisputed that the Debtor has paid Grasso $3,300.

paid in the year preceding the bankruptcy filing . . . .

. . .

Counsel's fee revelations must be direct and comprehensive. Coy or incomplete disclosures which leaves the court to ferret out pertinent information from other sources are not sufficient. . . .

Anything less than the full measure of disclosure leaves counsel at risk that all compensation may be denied.

*In re Saturley*, 131 B.R. 509, 516–517 (Bankr.D.Me.1991) (citations omitted); *see also In Re Downs*, 103 F.3d 472, 477–78 (6th Cir.1996); *In re Chapel Gate Apartments, Ltd.*, 64 B.R. 569, 575 (Bankr. N.D.Tex.1986). Notwithstanding the case law, the United States Trustee and the Chapter 13 Trustee recommend that Grasso be allowed $1,000.

 Addressing his record and time keeping practices, Grasso states:

I do not keep contemporaneous Time Records in any of my files, as I have a part-time secretary who simply does not keep accurate time on each file. If an itemized bill is requested by anyone, then my secretary must go through the file to calculate what was actually done in the file and what was actually paid.

*See* Doc. # 34, Former Counsel's Response, p. 1. Additionally, in the initial application, Grasso billed in quarter hour increments "because the Debtor agreed that the minimum charge would be one quarter of an hour." This ignores R.I. LBR 2016–1(a)(3), which requires billing in units of tenths of one hour. Mr. Grasso's private agreement with his client does not alter the practice in this Court, nor may it exempt him from the rules followed by every other attorney practicing here, and

it would be prudent for Mr. Grasso to discontinue the use of that form of agreement in cases before this Court.

Upon consideration of the testimony of Mr. Grasso and the Debtor, and the rest of the record in the case, I find that reasonable compensation, based on quantum meruit only, is $1,000, and Mr. Grasso is ORDERED to disgorge $2,300 to the Debtor, forthwith.[3] Additionally, Attorney Grasso has agreed to, and it is ORDERED that he should not file any future Chapter 13 cases with this Court until he completes ten hours of private study on the subject of Chapter 13 practice and procedure. Upon completion of this requirement Mr. Grasso may file an affidavit with the Court detailing his compliance, and the prohibition will be lifted.

---

**3.** Disgorgement *to the Debtor* is ordered because the Chapter 13 Trustee's Motion to Dismiss the bankruptcy case was granted while this opinion was under advisement. But entry of the order of dismissal is stayed until the entry of this decision.